UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SADER** ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-10244 |
| ) | |
| v. ) | |
| ) | |
| **HAMILL PARTNERS, INC d/b/a** ) | |
| **CRESCENT CLEANING COMPANY,** ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Christopher Sader ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Hamill Partners, Inc d/b/a Crescent Cleaning Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's race-based discrimination, race-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

6. Charges of employment discrimination were filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibits "A" and "C").

7. Plaintiff received Notices of Right to Sue from the EEOC (attached hereto as Exhibits "B" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notices of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Christopher Sader, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Hamill Partners, Inc d/b/a Crescent Cleaning Company, is a corporation doing business in and for Cook County whose address is 8501 West Higgins Road, Suite 160, Chicago, IL 60631-0013.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of

ADA, 42 U.S.C. § 12111(4) and 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and Title VII, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A) and Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant as a Custodian on or around July 7, 2024.

13. Plaintiff's essential job duties included, but were not limited to, cleaning and maintaining the premises of the assigned building, emptying garbage bins, sweeping, mopping, vacuuming, and sanitizing surfaces.

14. The physical demands of Plaintiff's job were moderate and required regular movement, lifting, and the operation of cleaning equipment, all of which Plaintiff was fully capable of performing with reasonable accommodations.

15. Plaintiff has a heart condition resulting from a recent heart surgery, during which a synthetic valve was implanted. This condition requires Plaintiff to monitor his blood levels regularly and undergo blood tests every two (2) weeks.

16. Plaintiff's condition substantially limits major life activities, including his cardiovascular function.

17. As such, Plaintiff is a "qualified individual" as defined under the ADA.

18. Despite his disability, Plaintiff was fully qualified to perform the essential functions of his job, with or without reasonable accommodation.

19. Further, since at least July 7, 2024, through August 12, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within

3

Plaintiff's protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

20. Plaintiff is Caucasian and is a member of a protected class because of his race whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected class.

21. On or around July 7, 2024, Plaintiff, who had recently undergone heart surgery and received a synthetic valve, provided Defendant's District Manager, Laura (LNU), with a doctor's note clearing him to work.

22. At that time, though Plaintiff was cleared to return to work, Plaintiff also requested an accommodation to be able to attend medical appointments to check his blood due to his heart condition approximately every two weeks.

23. Laura informed Plaintiff that this accommodation request was acceptable, but would soon make it clear she was targeting Plaintiff for discipline and termination due to his request for an accommodation.

24. For example, on or about July 12, 2024, Plaintiff called Laura to request permission to leave work for a medical appointment related to his heart condition.

25. In response, Laura stated, "I thought you were going in September?"

26. Laura's comment made it clear that Plaintiff was not permitted to leave.

27. Fearing retaliation, including termination, Plaintiff canceled his appointment.

28. Approximately one week after requesting accommodations, on July 14, 2024, Laura approached Plaintiff regarding his job performance, specifically mentioning that a garbage bin was slightly full.

29. During this conversation, Laura suggested that Plaintiff's heart condition made this

job unsuitable for him, implying that she believed Plaintiff could not perform his duties because of his disability.

30. On July 31, 2024, Plaintiff called Laura again to request permission to leave work early on August 12, 2024, for another medical appointment to check his blood.

31. Laura delayed responding for five (5) days, but ultimately visited Plaintiff's building to inform him that it was acceptable for him to leave early.

32. On or about August 12, 2024, the day Plaintiff had requested an accommodation for, Plaintiff was informed by Defendant's Human Resources ("HR") Department that his services were no longer needed.

33. In response, Plaintiff contacted the property manager, Denise (LNU), who expressed surprise at his termination, stating that Plaintiff was doing a great job and advised him to remain on-site while she investigated the matter.

34. Later that day, Plaintiff was called into Laura's office and told that he was being terminated for failing to pass "a test" during his probationary period and for not meeting performance expectations.

35. However, similarly situated Hispanic employees performed the same as Plaintiff, but were not terminated, or even disciplined for the same level of performance.

36. Additionally, Plaintiff received positive feedback from Denise throughout his employment, making it clear that the Laura's assertions were false, or disingenuous.

37. The stated reason for Plaintiff's termination is clearly pretextual, as Plaintiff was terminated on the same day he had requested to leave early for a necessary medical appointment.

38. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for time off every two weeks to check his blood levels due to his heart condition.

5

39. It would not have been an undue burden for Defendant to have allowed Plaintiff to leave work for his medical appointments.

40. Further, Plaintiff was the only Caucasian employee at Defendant's location.

41. Throughout his employment, Plaintiff felt targeted due to his race, as Defendant demonstrated a preference for Hispanic employees.

42. On at least one occasion, Laura spoke to Plaintiff in Spanish and later apologized, stating, "Sorry, I forgot you don't speak Spanish. It's just that everyone here speaks Spanish."

43. Despite performing his duties as well as his Hispanic coworkers, Plaintiff was the only employee terminated.

44. Ultimately, on or about August 12, 2024, Plaintiff was terminated on the basis of his disability, his race, or for engaging in protected activity as described above.

45. The purported justification for termination was unlawful discrimination based on disability, or a perceived disability.

46. The purported justification for termination was unlawful discrimination based on race.

47. Defendant failed to provide reasonable accommodations to Plaintiff.

48. Plaintiff consistently met or exceeded Defendant's performance expectations throughout the duration of his employment.

49. Plaintiff engaged in protected activity when he requested accommodations for his disability.

50. Plaintiff was targeted for termination because of his race.

51. Plaintiff suffered multiple adverse employment actions, including, but not limited to, termination.

52. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because he lodged complaints directly to his manager about the harassment and discrimination he experienced.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

58. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

59. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

62. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

64. Plaintiff is a qualified individual with a disability.

65. Defendant was aware of the disability and the need for accommodations.

66. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

67. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

68. Defendant did not accommodate Plaintiff's disability.

69. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

72. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

74. During Plaintiff's employment with Defendant Plaintiff engaged in protected activity by requesting reasonable accommodations for his heart condition, specifically seeking time off every two weeks to check his blood levels, and reporting disability-based harassment when he was subjected to discriminatory comments about his ability to perform his job due to his disability.

75. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

76. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

77. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

78. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his protected activity of requesting reasonable accommodations for his heart condition and reporting disability-based harassment, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

79. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

80. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

81. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

82. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

83. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

84. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

85. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

86. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

87. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964

10

**(Race-Based Discrimination)**

88. Plaintiff repeats and re-alleges paragraphs 1-54 as if fully stated herein.

89. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

90. Plaintiff met or exceeded performance expectations.

91. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

92. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

93. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

94. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

95. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

11

     g.     Award pre-judgment interest if applicable; and

     h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of October, 2024.

                                                       Respectfully submitted,

                                                       **/s/ *Travis P. Lampert***
                                                       Travis P. Lampert, Esq.
                                                       Sulaiman Law Group Ltd.
                                                       2500 S. Highland Avenue, Suite 200
                                                       Lombard, Illinois 60148
                                                       Phone (630) 575-8181
                                                       tlampert@sulaimanlaw.com
                                                       *Attorney for Plaintiff*